Matthew D. Church #15574
Carson Fuller #17571
**MANNING CURTIS BRADSHAW
& BEDNAR PLLC**
201 South Main Street, Suite 750
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
mchurch@mc2b.com; cfuller@mc2b.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM MORRIS, ESQ., | **DEFENDANTS' ANSWER** |
| Plaintiff, | |
| v. | Case No. 1:24-cv-00022 |
| CITY OF HARRISVILLE, Weber Co. Utah; MICHELLE TAIT; JENNIE KNIGHT; CYNTHIA BENSON; and JESSICA HARDY, | Judge Jill N. Parrish |
| | Magistrate Judge Dustin B. Pead |
| Defendants. | |

Defendants City of Harrisville, Michelle Tait, Jennie Knight, Cynthia Benson, and

Jessica Hardy (collectively, "Defendants"), by and through the undersigned counsel of record,

hereby submit their Answer in response to Plaintiff William M. Morris' ("Mr. Morris")

Complaint in the above-captioned matter and assert defenses as follows:

## **FIRST DEFENSE**

Defendants respond to the allegations in the prefatory and numbered paragraphs of

Plaintiff's Complaint as stated below. Defendants deny any allegation that they engaged in

unlawful employment practices or breach of contract. Any allegation not specifically admitted in

this Answer is denied.

## RESPONSE TO "NATURE OF ACTION" SECTION

The allegations in this paragraph are prefatory in nature and state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## RESPONSE TO "REQUESTED RELIEF" SECTION

Defendants deny that Plaintiff is entitled to any of the relief prayed for in this section or elsewhere in the Complaint.

## RESPONSE TO "PARTIES, JURISDICTION, AND VENUE" SECTION

1. Defendants lack sufficient information to admit or deny the allegation in this paragraph, and on that basis deny the same.

2. Defendants admit only that Harrisville City is a municipality in Weber County, Utah, and that Harrisville City used to employ Plaintiff. The remainder of this paragraph contains an incomplete allegation for which the City lacks sufficient information to admit or deny, and on that basis, the City denies the remainder of this paragraph.

3. Defendants admit that Ms. Tait is the elected Mayor of Harrisville City and that she resides in Harrisville City, which is located in Weber County, Utah. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

4. Defendants admit that Ms. Knight is an employee of Harrisville City and that she resides in Weber County, Utah. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

5.      Defendants admit that Ms. Benson is an employee of Harrisville City and that she resides in Weber County, Utah. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

6.      Defendants admit that Ms. Hardy and Ms. Benson are employees of Harrisville City and that they reside in Weber County, Utah. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

7-8.    The allegations in these paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in these paragraphs. Defendants affirmatively assert that Plaintiff has not alleged or established jurisdiction or venue related to his state law claims.

9.      Defendants deny that Plaintiff filed the Charge of Discrimination in February of 2023, and assert that the Charge speaks for itself as to what was alleged therein. Defendants affirmatively deny, however, that the Charge contains any express allegations related to 42 U.S.C. § 1983, or discrimination against Plaintiff based on race or national origin. The allegation of a "timely" filed Charge states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that allegation.

10.     Defendants admit that the EEOC issued a Determination and Notice of Rights Letter on September 29, 2023. Defendants lack sufficient information to admit or deny when the Notice was or was not delivered to Plaintiff's counsel, and deny the allegation of receipt of the Notice on December 28, 2023 on that basis. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

11.     Defendants admit only that a Notice of Claim is dated January 13, 2023. Defendants lack sufficient information to admit or deny the date Plaintiff sent the Notice, and on that basis deny that allegation. Defendants assert that the Notice of Claim speaks for itself as to what is alleged therein, and otherwise deny any remaining allegations in this paragraph.

12.     Defendants admit no substantive response was sent regarding the allegations raised in Notice of Claim, but deny any inference that the law required any such substantive response, and deny any inference that the Notice of Claim was directed to all "Defendants," or that the law required a response from all "Defendants."

13.     Defendants deny the allegation in this paragraph on the basis that the allegation is vague as to the phrase "An EEOC matter," and the Defendants lack sufficient information to admit or deny as to the opening of "An EEOC matter."

14.     Defendants admit only that Harrisville City, the only entity or person against which Plaintiff's Charge of Discrimination was directed, responded to the Charge of Discrimination filed by Plaintiff with the EEOC. Defendants deny the implication that the Charge was directed toward all the named "Defendants."

15.     Defendants lack sufficient information to admit or deny the allegation in this paragraph, and on that basis deny the same.

**RESPONSE TO "GENERAL FACTUAL ALLEGATIONS" SECTION**

16.     Defendants admit only that the City of Harrisville is located in Weber County, Utah, and that population estimates place the population at fewer than 10,000 residents. The remainder of the paragraph states an unsupported opinion dressed as fact and Defendants need

not respond. To the extent a response is required, Defendants deny the remaining allegations in this paragraph.

17-18.  The allegations in these paragraphs state unsupported opinions dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the allegations in these paragraphs.

19.      Defendants admit only that Mr. Morris performed work for Harrisville City in various roles for approximately sixteen (16) years, including as City Attorney and City Administrator.  Defendants deny all remaining allegations in this paragraph.

20-22.  Defendants deny the allegations in these paragraphs.

23.      This paragraph is vague as to meaning of "personnel cause" and Defendants deny on that basis. The allegations, to the extent they can be understood, also state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

24.      The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

25-26.  These paragraphs state unsupported opinions dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the allegations contained in these paragraphs.

27.      Defendants lack sufficient information to admit or deny the allegation in this paragraph, and on that basis deny the same.

28.     Defendants admit that Mr. Morris has worked for other jurisdictions besides Harrisville City. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

29.     Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

30.     This paragraph states an unsupported opinion dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the allegations in this paragraph.

31.     Defendants admit only that Harrisville City hired Mr. Morris in 2005 as an independent contractor to serve as land use planner. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

32.     City admits only that a 2005 Contract with Mr. Morris was amended in 2008 and that the 2005 Contract and the 2008 Contract Amendment speak for themselves.

33.     Defendants admit the allegations in this paragraph.

34.     Defendants deny the allegations in this paragraph.

35.     This paragraph is vague as to the phrases "in his last capacity" and "had a severance package," and the City denies the allegations in this paragraph on that basis. The allegations regarding the vesting of a severance package for Mr. Morris also state a legal conclusion to which no response is required. To the extent a response it required, Defendants deny that Mr. Morris had vested rights in a severance package and deny any inference that the City's policies and procedures create vested contractual rights. Alternatively, Defendants assert that Mr. Morris waived any alleged right to any specific severance benefit or that Plaintiff agreed

to a modification in severance upon his resignation. Defendants deny any remaining allegations in this paragraph.

36.     Defendants admit only that the City Administrator's duties are statutorily defined and that the City's Code speaks for itself as to those duties. Defendants expressly deny that the City Administrator has no oversight duties over other departments, and otherwise denies the allegations in this paragraph to the extent they are inconsistent with the City Code.

37.     Defendants admit only that the City Administrator's duties are statutorily defined and that the City's Code speaks for itself as to those duties.

38-41.  These paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in these paragraphs.

42.     This paragraph is vague in a number of ways, including as to time, the identity of the "city attorney," and the meaning of "legal policies" and "them." The City admits only that the Harrisville City Council is the City's legislative body and enacts laws for the City, and that the city attorney helps in that process, including at times by drafting ordinances to be reviewed and voted upon by the Council. The Defendants deny the remainder of this request due to its vagueness.

43-45.  These paragraphs state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in these paragraphs.

46-53.  Defendants deny the allegations contained in these paragraphs, including footnotes.

54.     Defendants lack sufficient information about Plaintiff's current employment status to admit or deny the allegations in this paragraph, and on that basis deny the same.

55-60.  Defendants lack sufficient information to admit or deny the allegations in these paragraphs, and on that basis deny the same.

61.     Defendants admit only that Harrisville City hired Scott Young to assist in a personnel matter at Harrisville City. Defendants lack sufficient information to admit or deny any remaining allegations in this paragraph, and on that basis deny the same.

62.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

63.     Defendants admit only that Ms. Tait received an email from Scott Young with a letter attached, that Ms. Tait opened and read the attachment believing it was intentionally sent to her because Scott Young represented Harrisville City, that Ms. Tait realized upon reading the attachment that it was not intended for her, then deleted the email with the attachment as instructed by the notice contained in the email, and notified Mr. Morris of what had occurred. Defendants deny all other allegations in this paragraph.

64.     This paragraph is vague as to "that date," and Defendants deny the allegations on that basis. Defendants further expressly deny that Ms. Tait was aggressive towards Plaintiff to any degree at any time.

65.     This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

66.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

67.     Defendants deny all allegations in this paragraph, including but not limited to expressly denying any act of "blackmailing," any attempt to "force" Plaintiff's resignation, and any allegation of a conspired or coordinated plan to "oust" Mr. Morris, or that any "ouster" occurred.

68.     Defendants lack sufficient information to admit or deny what Mr. Morris "knew" at any given time, and on that basis deny the allegations in this paragraph.

69.     Defendants admit only that Mr. Morris, as the City Attorney, was involved in hiring outside counsel. Defendants deny any remaining allegations in this paragraph.

70.     Defendants deny all allegations in this paragraph, including but not limited to expressly denying that a "firing meeting" occurred, that Mr. Morris was "fir[ed]," that Ms. Tait "blackmailed" Mr. Morris, that Ms. Tait possessed, had any knowledge of, or intent to use any alleged "kompromat of an implied sexual nature," and that there was any "collu[sion]" or "plan to get rid of Mr. Morris."

71.     This paragraph is vague as to "SCM," and Defendants deny on that basis. Defendants admit only that Mr. Morris sent a GRAMA request related to Mr. Young. Defendants deny all remaining allegations in this paragraph, including but not limited to expressly denying any "firing" occurred.

72.     Defendants deny any stonewalling occurred. Defendants admit only that Mr. Morris, through his counsel, made a GRAMA request for legal bills from Scott Young and his firm.

73.     Defendants admit the allegations in this paragraph, and affirmatively assert that the redactions were proper under Utah's GRAMA statutes and well-established attorney-client

privilege law. *See PharMerica Long-Term Care, Inc. v. Infinia Healthcare Companies, LLC*, 2010 WL 3064395, at *14 (D. Utah 2010) ("[B]illing records may be protected by the attorney-client privilege where they reveal the nature of services rendered") (quoting 81 Am.Jur.2d § 396); *see also id.* ("[B]ills or statements that reveal the substance of any confidential communication between attorney and client would be protected" by the attorney-client privilege) (citing *In re Grand Jury Subpoenas*, 906 F.2d 1485, 1492 (10th Cir. 1990)); *see also* Utah Code Ann. § 63G-2-305(17).

74.     Defendants admit only that Mr. Morris resigned from his employment with Harrisville City. Defendants deny all other allegations in this paragraph, including but not limited to expressly denying that Mr. Morris's resignation was "blackmailed." Defendants reassert that Utah's GRAMA statutes and well-established attorney-client privilege law protect the substance of any confidential communication between attorney and client. *See supra*, Response to par. 73.

75.     Defendants admit that Mr. Morris has sought unredacted bills, and that Harrisville City claims they are attorney-client privileged. *See supra*, Responses to pars. 73-74.

76-79.  The allegations in these paragraphs state legal conclusions to which no response is required. To the extent a response is required, the allegations are directed at non-party persons other than Defendants, and Defendants need not respond. To the extent any response is required to any allegation in these paragraphs, Defendants deny all such allegations.

80.     Defendants deny the allegations contained in this paragraph, including but not limited to expressly denying that Ms. Night "targeted" or "harassed" any gay couple living in the City.

81.     Defendants lack sufficient information regarding the identity of the alleged "gay couple" to admit or deny the allegations in this paragraph, and on that basis deny the same. Defendants expressly deny any discriminatorily "targeted" code enforcement efforts.

82.     Defendants admit only that a Harrisville City employee had an incident at the public works building. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph, and on that basis deny the same.

83.     Defendants deny the allegations in this paragraph as a mischaracterization of the facts.

84.     This paragraph is vague as to what Mr. Morris alleges he "recused himself" from and Defendants deny on that basis. The paragraph is also vague as to what Ogden City was allegedly "asked to investigate" and the City denies on that basis. Defendants admit only that Harrisville City hired Scott Young, and deny all other allegations in this paragraph.

85.     Defendants admit only that an employee was involved in an accident involving damage to a vehicle. Defendants deny the remaining allegations in this paragraph.

86.     Defendants admit only that the matter was referred to the Davis County Attorney's Office for screening. Defendants deny the remaining allegations in this paragraph.

87.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

88.     Defendants admit only that Mr. Morris received mixed feedback during the referenced performance review, and that concerns were raised regarding his performance during the same. Defendants deny any remaining allegations in this paragraph.

89-93.  Defendants deny the allegations contained in these paragraphs.

94.     The allegation in this paragraph does not state a complete sentence and is therefore vague as to what is being alleged. To the extent any response is required, Defendants deny the allegations in this paragraph.

95.     Defendants deny all the allegations in this paragraph, including but not limited to expressly denying the existence of any "microaggressions" or a "toxic" work environment. Further, the allegation of a "hostile work environment" states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

96.     Defendants deny all the allegations in this paragraph, including but not limited to expressly denying that Mr. Morris was "fired" or "ousted."

97.     Defendants deny the allegations in this paragraph.

98.     Defendants admit only that Ms. Tait and Ms. Knight met with Mr. Morris on February 7, 2022. Defendants deny the remaining allegations in this paragraph.

99.     Defendants deny the allegations contained in this paragraph.

100.    Defendants admit that Plaintiff expressed a desire to remain as City Attorney and City Prosecutor. Defendants deny the remaining allegations in this paragraph.

101.    Defendants admit only Mr. Morris's performance was discussed in this meeting. that Ms. Tait had a list related to concerns with Mr. Morris's work performance.  Defendants deny the remaining allegations contained in this paragraph.

102.    Defendants deny that Ms. Knight "interjected" and admit only that Ms. Knight expressed concerns brought to her by City Councilmembers, who had told Ms. Knight that Plaintiff had spoken with them about his stress level and inability to perform his job. Defendants deny all other allegations in this paragraph.

12

103.    Defendants deny the allegations in this paragraph as a mischaracterization of the subject conversation.

104.    Defendants deny the allegations in this paragraph, including but not limited to expressly denying that Mr. Morris provided documentation of any disability to the City.

105.    Defendants deny the allegations in this paragraph.

106.    Defendants deny the allegations contained in this paragraph, including any inference that Mr. Morris had provided the City with any notice or documentation of a "long Covid" diagnosis or requested accommodation related to "long Covid."

107-109. Defendants deny the allegations in this paragraph.

110.    Defendants expressly deny any "threat of blackmail" or the existence of any "kompromat." Defendants lack sufficient information to admit or deny what Mr. Morris "understood," and on that basis deny the remaining allegations in this paragraph.

111.    Defendants deny the allegations in this paragraph, including but not limited to expressly denying the existence of any alleged "kompromat" of a "sexual nature."

112.    Defendants lack sufficient information to admit or deny what Mr. Morris "thought[]" or "fear[ed]" or the sequential order of his "fear" or "thoughts," and on that basis deny the allegations in this paragraph.

113.    Defendants lack sufficient information to admit or deny what was going on in Mr. Morris's mind at any time, and on that basis deny the allegations in this paragraph.

114.    Defendants deny the allegations in this paragraph.

115.     This paragraph states unsupported opinions dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the allegations in this paragraph.

116.     Defendants deny the allegations in this paragraph.

117.     Defendants lack sufficient information to admit or deny Plaintiff's alleged volunteering activities, and on that basis deny the same. The remainder of this allegation states unsupported opinions dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the allegations in this paragraph.

118.     Defendants lack sufficient information to admit or deny what Plaintiff was feeling, including whether he was "reeling" at any time, and on that basis deny that allegation. Defendants expressly deny the allegations of any "threat of blackmail" or "plan to force Mr. Morris' resignation." Defendants admit only that Ms. Tait informed Mr. Morris that she had received advice from attorney Scott Young related to Mr. Morris's employment. Defendants deny all other allegations in this paragraph.

119.     Defendants lack sufficient information to admit or deny Mr. Morris's state of mind, including any alleged "confus[ion]," and on that basis deny the allegations in this paragraph. The allegation regarding the Municipal Code states a legal conclusion to which no response is required. To the extent a response is required, the City denies, and denies any remaining allegations in this paragraph.

120.     Defendants deny the allegations in this paragraph.

121.     Defendants lack sufficient information to admit or deny Mr. Morris's state of mind, and on that basis deny the allegations in this paragraph.

122.    Defendants admit only that Mr. Morris resigned. Defendants deny the allegations of any "threat" by Ms. Tait related to any "kompromat." Defendants deny that Mr. Morris's resignation was the result of any threat by Ms. Tait or any of the Defendants.

123.    Defendants deny that Ms. Tait "ordered" Plaintiff to announce his retirement. Defendants admit that Plaintiff voluntarily announced his retirement to the City Council on Tuesday, February 8, 2022. Defendants admit that Mr. Morris requested to remain employed as City Attorney or City Prosecutor, despite his agreement the previous day to retire fully from his employment with the City.

124.    Defendants admit only that the City scheduled a closed meeting to discuss the professional competence of an individual, and deny the remaining allegations in this paragraph.

125.    Defendants admit the allegations in this paragraph.

126.    Defendants deny the allegations in this paragraph.

127.    Defendants admit that Plaintiff inquired about severance. Defendants deny that the City's policies and procedures created any vested contractual right to severance.

128.    Defendants deny the allegations in this paragraph.

129.    Defendants admit only that when the severance discussion arose, Ms. Knight clarified that Plaintiff was a part-time employee and had a contract with the City. Defendants lack sufficient information to admit or deny what Mr. Morris "knows" and on that basis deny the remaining allegations in this paragraph.

130.    Defendants deny the inference that Mr. Morris was similarly situated to other former employees, deny any inference that Harrisville City's personnel policies create contractual rights for Mr. Morris, and deny any inference that Mr. Morris had vested rights in a

severance package. Alternatively, Defendants assert that Mr. Morris waived any alleged right to any specific severance benefit or that Plaintiff agreed to a modification in severance upon his resignation. Defendants deny any remaining allegations in this paragraph.

131-134.     Defendants deny the allegations in these paragraphs.

135.     Defendants lack sufficient information to admit or deny what Mr. Morris allegedly "feared" and deny this allegation on that basis. Defendants deny all other allegations in this paragraph.

136.     Defendants lack sufficient information to admit or deny whether the Mayor said "something to the effect of" something. That allegation is too vague to warrant an admission or denial. Defendants admit only that Mayor Tait was prepared to discuss Mr. Morris's work performance issues and a possible disciplinary process with City Council, but that Mr. Morris voluntarily resigned, rendering any performance-based disciplinary process unnecessary.

137.     Defendants lack sufficient information to admit or deny where the Mayor was looking or what the tone of her voice was at any given moment, and on that basis deny that allegation. The allegations that the Mayor "looked angry and violent" are unsupported opinions dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny those allegations and any others stated in this paragraph.

138.     Defendants lack sufficient information to admit or deny what Mr. Morris "knew" and on that basis deny the allegations in this paragraph. Defendants expressly deny any threat of blackmail.

139-142. Defendants lack sufficient information to admit or deny alleged quotes from a conversation that took place over two years ago, and on that basis deny the allegations in these paragraphs.

143.    The allegations that "the City Council members were perplexed" and that "[o]ther council members seemed in agreement with this proposal" are unsupported opinions dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny these allegations. Defendants deny the remaining allegations in this paragraph.

144.    Defendants deny the allegations in this paragraph.

145.    Defendants admit only that the Planet Auto matter was discussed, that Ms. Tait believed Mr. Morris mishandled that case, that the Planet Auto matter arose from a citizen complaint against an auto salvage company for zoning violation, and that the private company sued the citizen. Defendants deny all remaining allegations in this paragraph, including footnotes.

146.    This paragraph is vague as to what "it" is that the City Council allegedly did not vote on, and Defendants deny the allegations in this paragraph on that basis. Defendants admit only that the City Council did not "dismiss" or take "actions" against Mr. Morris because he voluntarily resigned. Defendants deny that Mr. Morris never signed documentation to effectuate his separation from the City, and expressly assert (and Mr. Morris admits in paragraph 173 of this Complaint) that Mr. Morris signed a document effectuating his resignation. Defendants lack sufficient information to admit or deny Mr. Morris's mental "impression[s]," and on that basis deny the allegation in the last sentence of this paragraph, admitting only that the closed meeting ended. Defendants deny any inference that an agreement was reached in this meeting as to how

the City would proceed with respect to Mr. Morris's employment. Defendants deny any other allegations in this paragraph.

147.    Defendants admit that the session was a closed meeting. The allegations that the closed meeting was held in violation of the law are legal conclusions to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants admit that the meeting was not recorded, but deny any legal obligation to record a closed meeting where a person's professional competency is to be discussed. Defendants deny that Mr. Morris's professional competency was not discussed in the closed meeting. Defendants deny that Ms. Tait insisted that Plaintiff violate the law. Defendants deny any remaining allegations in this paragraph.

148.    Defendants admit that the City has not produced a recording of the closed meeting, and deny any inference of a legal obligation to do so where a person's professional competency is to be discussed.

149.    Defendants lack sufficient information to admit or deny any of the allegations contained in this paragraph, and on that basis deny the same.

150.    Defendants admit only Ms. Knight drafted the resignation letter, and that the alleged metadata speaks for itself. Defendants deny any remaining allegations in this paragraph.

151-152. Defendants assert that the alleged metadata speaks for itself.

153-155. Defendants deny the allegations in these paragraphs, including denying the inference that Plaintiff could only voluntarily sign documents that he drafted.

156.    Defendants admit only that Plaintiff voluntarily signed the resignation letter and deny all other allegations in this paragraph.

157-158.    Defendants lack sufficient information to admit or deny the allegations contained in this paragraph, and on that basis deny the same.

159-161.    Defendants deny the allegations in these paragraphs.

162.    Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

163.    Defendants lack sufficient information to admit or deny what texts Mr. Morris received or did not receive, and on that basis deny the allegations in this paragraph. Defendants admit only that on February 9, 2022, Ms. Tait sent a request to Mr. Morris asking him to meet.

164.    Defendants admit the allegations in this paragraph.

165.    Defendants admit only that Plaintiff was presented with a resignation letter and deny all other allegations in this paragraph.

166.    Defendants admit that Plaintiff did not draft the resignation letter. Defendants deny all other allegations in this paragraph.

167.    Defendants admit only that Plaintiff was presented with a resignation letter, that Plaintiff was provided time and the ability to review the letter, that Plaintiff was informed that he had the option to sign or not sign the letter, and that if the letter was not signed, other steps may be taken by the City which could include a closed meeting to further discuss Plaintiff's professional competency with the City Council and potential discipline. Defendants deny all other allegations in this paragraph.

168.    Defendants lack sufficient information to admit or deny what Plaintiff's "first thought" was, and deny the allegations in this paragraph on that basis. Plaintiff's allegations related to the Utah Open Meetings Act misstate the name of the Act, and otherwise state legal

conclusions to which no response is required. To the extent a response is required, Defendants

deny those allegations, and any remaining allegations in this paragraph.

169-170. Defendants deny the allegations in these paragraphs.

171. Defendants lack sufficient information to admit or deny whether Plaintiff felt

"nauseated" or "disgusted," and on that basis deny those allegations. Defendants deny all

remaining allegations in this paragraph.

172. Defendants deny the allegations in this paragraph.

173. Defendants lack sufficient information to admit or deny what Plaintiff "recalled"

and on that basis deny the allegations in this paragraph. Plaintiff's allegations related to the Rules

of Professional Conduct state legal conclusions to which no response is required. Defendants

expressly deny that anyone from the City broke any law with regard to Plaintiff, that Plaintiff

signed the resignation letter under duress, or that the City or any of its employees or officials

intended to break the law then or at any time in the future with respect to Mr. Morris. Defendants

deny any remaining allegations in this paragraph.

174. Defendants lack sufficient information to admit or deny what was going on in

Plaintiff's "mind" at any time, what he "felt" at any time, or what he intended or resolved to do

at any future time, and on that basis deny all allegations in this paragraph. Defendants expressly

deny any allegation of blackmail or insistence by any of the Defendants that Plaintiff violate the

Rules of Professional Conduct.

175. The allegations in this paragraph state unsupported opinions dressed as fact and

the City need not respond. To the extent a response is required, Defendants lack sufficient

information as to Plaintiff's personal opinions regarding Ms. Tait, and deny the allegations in this paragraph on that basis.

176.    Defendants deny the allegations in this paragraph, including but not limited to expressly denying allegations that the Defendants "targeted" Plaintiff or any minorities in the City, and denying any knowledge of any alleged "investigations" by Plaintiff into Ms. Tait, Ms. Knight, or the City.

177.    Defendants deny the allegations in this paragraph.

178.    Defendants deny that the City owed Plaintiff a benefits package, or alternatively assert that Plaintiff waived any right to any specific severance benefit or agreed to a modification in severance upon his resignation. Defendants deny any other allegations in this paragraph.

179.    Defendants deny that the City owed Plaintiff a benefits package, or alternatively assert that Plaintiff waived any right to any specific severance benefit or agreed to a modification in severance upon his resignation. Defendants deny the allegations in this paragraph that are inconsistent with the foregoing sentence.

180-181. Defendants deny the allegations in these paragraphs.

182.    Defendants admit only that the City Administrator *should* have been the person in charge of initiating new vendors for city services. However, Defendants affirmatively assert that Mr. Morris did not adequately fulfill that duty and that, in reality, Ms. Tait performed many of those duties during Mr. Morris's employment with the City.

183.    Defendants admit only that bids had not been received from outside IT providers prior to Plaintiff's resignation. Defendants deny the remaining allegations, and affirmatively assert that discussions about IT issues and the need to switch providers had occurred for months

21

prior to Mr. Morris's resignation, and that Mr. Morris never took any action to address those issues.

184.     Defendants deny the allegations in this paragraph.

185.     Defendants deny the allegations in this paragraph as a mischaracterization of the facts.

186.     Defendants deny the allegations in this paragraph.

187-190. Defendants lack sufficient information to admit or deny the allegations in these paragraphs and on that basis deny the same.

191.     Defendants lack sufficient information to admit or deny the process of changing vendors or porting data in other jurisdictions where Plaintiff has worked, and on that basis deny the allegations in this paragraph. The remaining allegations state unsupported opinions dressed as fact and no response is required. To the extent any response is required, Defendants deny the remaining allegations in this paragraph.

192.      Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

193.     Defendants deny the allegations in this paragraph.

194.     Defendants admit only that Plaintiff alleged a forced resignation in an EEOC charge. Defendants expressly deny any allegations of blackmail by Ms. Tait or a forced resignation, and otherwise deny the allegations in this paragraph.

195.     Defendants deny that Ms. Tait blackmailed Plaintiff into resigning and deny any knowledge of any "investigation" by Plaintiff of the "Mayor for public corruption." Defendants

admit only that the City has not "sen[t] the matter to a third party outside investigator," but deny

any legal obligation to do so.

196.    Defendants admit only that the City did not appoint a "Mayor pro Tem."

Defendants deny the remaining allegations in this paragraph.

197.    Defendants lack sufficient information to admit or deny the allegations in this

paragraph and on that basis deny the same.

198.    Defendants deny the allegations in this paragraph.

**RESPONSE TO "FIRST CAUSE OF ACTION"**
**(Wrongful Termination and Retaliation in Violation of the Utah Whistleblower Act)**

199.    Defendants incorporate by reference herein their responses to all prior paragraphs.

200-204. The allegations in these paragraphs state legal conclusions to which no response

is required. To the extent a response is required, Defendants deny the allegations in these

paragraphs.

205-211. Defendants deny all allegations in these paragraphs.

**RESPONSE TO "SECOND CAUSE OF ACTION"**
**(Unlawful Retaliation Under Title VII Against Harrisville City)**

212.    Defendants incorporate by reference herein their responses to all prior paragraphs.

213-217. Defendants deny all allegations in these paragraphs.

**RESPONSE TO "THIRD CAUSE OF ACTION"**
**(Violation of Free Speech in Violation of 42 U.S.C. § 1983 against Harrisville City and all**
**individual Defendants in their official and individual capacities)**

218.    Defendants incorporate by reference herein their responses to all prior paragraphs.

219-229. Defendants deny all allegations in these paragraphs.

**RESPONSE TO "FOURTH CAUSE OF ACTION"**
**(Sex Discrimination and Disparate Treatment Discrimination Under Title VII)**

230.    Defendants incorporate by reference herein their responses to all prior paragraphs.

231.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

232-235. Defendants deny all allegations in these paragraphs.

**RESPONSE TO "FIFTH CAUSE OF ACTION"**
**(Sex Discrimination in Violation of 42 U.S.C. § 1983 against Harrisville City and all individual Defendants in their official and individual capacities).**

236.    Defendants incorporate by reference herein their responses to all prior paragraphs.

237.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph, and on that basis deny the same.

238-241. Defendants deny all allegations in these paragraphs.

**SIXTH CAUSE OF ACTION**
**(Violation of Procedural and Substantive Due Process in Violation of 42 U.S.C. § 1983 against the City of Harrisville and all individual Defendants in their official and individual capacities)**

242.    Defendants incorporate by reference herein their responses to all prior paragraphs.

243.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

244.    Defendants deny the allegations in this paragraph.

245.    Defendants admit only that Mr. Morris voluntarily resigned. Defendants deny all other allegations in this paragraph.

246.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

247.    Defendants deny the allegations in this paragraph.

248.    Defendants lack sufficient information regarding the identity or facts surrounding a "Mr. Amann," and deny the allegations in this paragraph on that basis.

249.    The allegations in this paragraph are vague as to when or how the Defendants allegedly "acted under the color of law" and Defendants therefore lack sufficient information to admit or deny the allegations, and on that basis deny the same.

250-254. Defendants deny the allegations in these paragraphs.

## BREACH OF CONTRACT

255.    Defendants incorporate by reference herein their responses to all prior paragraphs.

256.    Defendants admit the allegations in this paragraph.

257.    Defendants assert that any contract between the City and Plaintiff speaks for itself as to Plaintiff's employment with the City, and deny any allegations that are inconsistent with Plaintiff's contracts of employment with the City.

258.    Defendants assert that any contract between the City and Plaintiff speaks for itself as to Plaintiff's employment with the City, and deny any allegations that are inconsistent with Plaintiff's contracts of employment with the City. Defendants deny that the City's employment policies and procedures create a contractual "entitle[ment]" with its employees.

259.    The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny. Defendants expressly deny that the City or Ms. Tait "fir[ed]" Mr. Morris.

260.     Defendants admit the allegations in this paragraph.

261.     Defendants deny that the City's policies and procedures create a contract with City employees, and therefore deny the allegations contained in this paragraph.

262.     Defendants deny the allegations in this paragraph.

263-264. The allegations in these paragraphs are unsupported statements of opinion dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the allegations in these paragraphs.

265.     Defendants admit only that Plaintiff was employed by the City for approximately 16 years. The remaining allegations in these paragraphs are unsupported statements of opinion dressed as fact and Defendants need not respond. To the extent a response is required, Defendants deny the remaining allegations.

266.     Defendants deny that the City's policies and procedures create an agreement with City employees, and therefore deny the allegations in this paragraph.

267.     Defendants deny the allegations in this paragraph.

268.     Defendants deny the allegations in this paragraph. Alternatively, Defendants assert that Plaintiff waived any alleged right to any specific severance benefit or that Plaintiff agreed to a modification in severance upon his resignation.

269.     Defendants deny the allegations in this paragraph.

## RESPONSE TO "REQUEST FOR JURY TRIAL"

Defendants give notice that they intend to rely upon the jury demand filed by Plaintiff on all issues in this case. Defendants reserve the right to demand a trial by jury on all triable issues in the event of any waiver of the same by Plaintiff.

**RESPONSE TO "PRAYER FOR RELIEF"**

Defendants deny that Plaintiff is entitled to any of the relief prayed for in this section or elsewhere in his Complaint.

**SECOND DEFENSE**

Plaintiff fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff's claims are barred because he voluntarily resigned.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the doctrine of at-will employment.

**FIFTH DEFENSE**

Some or all of Plaintiff's claims are barred because as a department head and City Attorney, he had no property interest in his employment with the City pursuant to Utah Code Ann. § 10-9a-1105(2)(c), (d), and was thus not entitled to due process.

**SIXTH DEFENSE**

Plaintiff's claims are barred because he has not been subjected to any conduct that constituted discrimination, retaliation, harassment, or a hostile work environment.

**SEVENTH DEFENSE**

Any employment decision or action or process regarding Plaintiff was supported by legitimate, non-retaliatory, non-discriminatory, and non-pretextual reasons.

**EIGHTH DEFENSE**

Plaintiff's damages claims may be limited or barred by the doctrine of after-acquired evidence.

**NINTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**TENTH DEFENSE**

Plaintiff's own conduct or inaction is the sole and exclusive cause of any and all injury alleged by Plaintiff.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, estoppel, waiver, and unclean hands.

**TWELFTH DEFENSE**

Plaintiff's claim fails because Plaintiff cannot demonstrate any adverse employment action.

**THIRTEENTH DEFENSE**

Plaintiff cannot demonstrate a causal connection between any alleged protected activity and any alleged adverse employment action.

**FOURTEENTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the business necessity and/or undue hardship defenses.

**FIFTEENTH DEFENSE**

Plaintiff engaged in no legally protected conduct that could serve as the required predicate for a claim of unlawful retaliation.

**SIXTEENTH DEFENSE**

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitation and other limitation periods, including but not limited to 42 U.S.C. § 2000e-5(e), Utah Code Ann. § 67-21-4, § 78B-2-307, § 78B-2-309.

**SEVENTEENTH DEFENSE**

Plaintiff's claims may not have been brought or asserted in good faith, and Defendants may be entitled to recover attorney's fees under applicable law.

**EIGHTEENTH DEFENSE**

Some or all of Plaintiff's claims are barred because they have suffered no cognizable harm or damages.

**NINETEENTH DEFENSE**

Plaintiff's claims against individuals are barred by the doctrine of qualified immunity because their actions were not contrary to clearly established law and a reasonable person would not have known that such conduct was unconstitutional at the time.

**TWENTIETH DEFENSE**

Any Title VII claims related to or relying upon alleged acts or inaction by Defendants occurring more than 180 or 300 days before Plaintiff filed his charge of discrimination with the applicable administrative agencies are barred.

**TWENTY-FIRST DEFENSE**

Plaintiff' claims may be barred for failure to exhaust administrative remedies.

**TWENTY-SECOND DEFENSE**

Plaintiff's § 1983 claims may be barred to the extent they arise from the same facts as their Title VII claims.

**TWENTY-THIRD DEFENSE**

Plaintiff has not alleged any actionable conduct whatsoever against Defendants Benson and Hardy.

**TWENTY-FOURTH DEFENSE**

Plaintiff's claims are barred to the extent Plaintiff did not raise them in his charge of discrimination.

**TWENTY-FIFTH DEFENSE**

Plaintiff's contract claim is barred because the City's policies and procedures do not constitute a contract with Plaintiff.

**TWENTY-SIXTH DEFENSE**

Defendants did not violate any clearly established, particularized, constitutional, statutory, or common law rights or privileges. Defendants acted in good faith, without malice, and their acts were justified and reasonable under the circumstances.

**TWENTY-SEVENTH DEFENSE**

Any constitutional violation that allegedly occurred was not the result of any injurious policy, custom, or practice of Harrisville City.

**TWENTY-EIGHTH DEFENSE**

Plaintiff has not experienced an injury that would have chilled a person of ordinary firmness from continuing to engage in alleged protected First Amendment activity.

### TWENTY-NINTH DEFENSE

Plaintiff's First-Amendment-based claims are barred because (1) his speech was made pursuant to his official duties; (2) his speech was regarding matters not of public concern; (3) the government's interests in promoting the efficiency of the public service are sufficient to outweigh Plaintiff's free speech interests; (4) the allegedly protected speech was not a motivating factor in any adverse employment action (and no adverse employment action occurred); and (5) to the extent any employment decision was made, Defendants would have reached the same employment decision in the absence of protected conduct.

### THIRTIETH DEFENSE

Plaintiff has not adequately pled jurisdiction or venue for his state law claims.

### THIRTY-FIRST DEFENSE

Plaintiff's contract claim is barred due to lack of consideration, accord and satisfaction, waiver, modification, or a subsequent contract.

### THIRTY-SECOND DEFENSE

Plaintiff's claims against Harrisville City are barred to the extent there was no underlying constitutional violation by the individually named defendants.

### THIRTY-THIRD DEFENSE

Punitive damages are barred by, *inter alia*, the Fifth, Sixth, Eight, and Fourteenth Amendments to the U.S. Constitution and federal common law. Defendants also assert that the Sixth Amendment of the U.S. Constitution prohibits any award of punitive damages unless there is a unanimous verdict.

## THIRTY-FOURTH DEFENSE

Plaintiff is not entitled to punitive damages because Defendants' conduct was not motivated by evil motive or intent, nor did it involve reckless or callous indifference to the federally protected rights of others.

## THIRTY-FIFTH DEFENSE

Some or all of Plaintiff's claims may be barred for failure to comply with Utah Code Ann. §§ 63G-7-401through 403.

## THIRTY-SIXTH DEFENSE

Defendants assert that, to the extent any discriminatory conduct occurred, the City exercised reasonable care to prevent and correct promptly any discriminatory conduct, and that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the City or to avoid harm otherwise.

## THIRTY-SEVENTH DEFENSES

Plaintiff's claims are barred because, to the extent any discriminatory conduct occurred, Defendants exercised reasonable care to promptly investigate and stop any alleged discriminatory conduct.

## THIRTY-EIGHTH DEFENSE

To the extent Plaintiff alleges any request for ADA accommodation, such ADA claims fail because Plaintiff never provided notice or documentation of a "long Covid" diagnosis or requested accommodation related to "long Covid."

## THIRTY-NINTH DEFENSE

To the extent Plaintiff attempts to make any allegation related to any supposed request for ADA accommodation, such claims fail because to the extent any request for accommodation was made, the requested accommodation was unreasonable or imposed undue hardship on the City.

## FORTIETH DEFENSE

Defendants presently have insufficient information and/or knowledge on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants therefore reserve the right to assert additional defenses if discovery indicates that such additional defenses would be appropriate.

WHEREFORE, Defendants requests that Plaintiff's claims be dismissed, that judgment be entered in Defendants' favor and against Plaintiff, and that Plaintiff be taxed with Defendants' attorney fees and costs according to applicable law.

DATED this 23rd day of April, 2024.

**MANNING CURTIS BRADSHAW**
**& BEDNAR PLLC**

*/s/ Carson M. Fuller*
MATTHEW D. CHURCH
CARSON M. FULLER
*Attorneys for Defendants*

33

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 23, 2024, the undersigned electronically transmitted the foregoing to the Clerk's Office for the United States District Court for the District of Utah using the District Court's CM/ECF System, which shall electronically serve a copy of the foregoing upon counsel of record for all parties in the above-entitled matter.

*/s/ Lori Anderson*