THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| William Morris, Esq., <br><br> Plaintiff, <br><br> v. <br><br> City of Harrisville, et al., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 1:24-cv-22 JNP DBP <br><br> District Judge Jill N. Parrish <br><br> Chief Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff's First Motion for Extraordinary Discovery.[1] The court will deny the motion.

This is a straightforward dispute between the parties. On February 5, 2024, Plaintiff filed a Complaint alleging wrongful termination, retaliation, breach of contract, and breach of the implied covenant of good faith and fair dealing.[2] Shortly thereafter the court entered an Order to Propose Schedule setting forth the procedures and requirements to enter a scheduling order in this case.[3] This included certain deadlines by which to propose a schedule. If the parties could not reach agreement on a schedule they were ordered to:

> file a Motion for Scheduling Conference with a copy of their Attorney Planning Meeting Report attached indicating which provisions are contested and which are not. The parties must also email their respective Proposed Scheduling Orders in word processing format to the Magistrate Judge or, if the case is not assigned or referred to a Magistrate Judge, to the assigned District Judge.[4]

---

[1] ECF No. 13.

[2] Complaint ECF No. 1 at 1-2.

[3] Order to Propose Schedule, ECF No. 6.

[4] *Id.* at 3.

On September 19, 2024, the parties filed a Stipulated Motion for Scheduling Conference wherein the parties provided that they "agreed on most issues required to be discussed in that conference, but were unable to reach agreement on certain fact discovery limits."[5] The parties noted that they would "each email their respective Proposed Scheduling Orders in word processing format"[6] to the undersigned for consideration.

Attached to the parties' Stipulated Motion is their Attorney Planning Meeting Report (Partially Disputed) that noted disagreement regarding some of the limits on fact discovery. Specifically, there was disagreement regarding the maximum number of depositions Plaintiff may take, the maximum number of interrogatories by any party, and the maximum requests for production by any party.[7] Essentially Plaintiff sought increased dicovery due to allegations that include spoilation of evidence. Defendants sent their proposed scheduling order to chambers but Plaintiff did not as he "was recovering from heart surgery."[8] The court then chose to enter Defendants' proposed schedule without holding a hearing, which is not required under the rules, after reviewing the parties' Stipulated Motion and their Attorney Planning Meeting Report.[9] The Scheduling Order provides for 10 depositions, 25 interrogatories, and 25 requests for production. Each of these are in line with most cases before the court.

Plaintiff moves the court to set aside the scheduling order to seek "extraordinary discovery" due to spoilation. The court is not persuaded by Plaintiff's arguments. First, Plaintiff's Motion is full of sensationalized unsupported allegations of Defendants' conduct.

---

[5] Stipulated Motion for Scheduling Conference, ECF No. 11 at 1.

[6] *Id*. at 1.

[7] ECF No. 11-2 at 6-7.

[8] ECF No. 19 at 13.

[9] Scheduling Order, ECF No. 12.

While that may be Plaintiff's view of the case, this is not the time or proper argument for a motion to modify or set aside a scheduling order. In addition, extraordinary accusations against opposing counsel have no place in this motion and do not comply with the Utah Rules of Professionalism.

    Second, Plaintiff's motion fails under the applicable rules. The motion does not establish good cause under Fed. R. Civ. P. 16(b)(4). And it is not compliant with DUCivR 37-1, which is the mechanism to bring a discovery dispute before the court. Plaintiff's motion has overtones of a discovery motion seeking "extraordinary discovery."

    And finally, discovery has at best, just commenced in this case. Plaintiff offers no persuasive reason that fact discovery limits should be increased to seek "extraordinary discovery" at such an early stage in this case.

    Plaintiff's Motion therefore is DENIED.

    DATED this 31 January 2025.

_____
Dustin B. Pead
United States Magistrate Judge