THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| William Morris, Esq.,<br><br>Plaintiff,<br>v.<br><br>City of Harrisville, Weber Co. Utah,<br>AND<br>Michelle Tait,<br>AND<br>Jennie Knight,<br>AND<br>Cynthia Benson,<br>AND<br>Jessica Hardy,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO EXTEND FACT DISCOVERY DEADLINE<br><br>Case No. 1:24-cv-00022 JNP DBP<br><br>Chief Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff Morris' Motion to Extend the Fact Discovery Deadline by 90 Days.[1] Morris seeks this extension to complete the depositions of Jennie Knight, Michelle Tait, and Max Jackson. As set forth herein, the court will deny the motion.

**BACKGROUND**

Plaintiff William Morris was the City Attorney and City Administrator for the City of Harrisville for approximately 16 years.[2] Plaintiff asserts that after the election of Mayor Michelle Tait things turned for the worse and eventually Plaintiff was terminated. On February 5, 2024, Plaintiff filed a Complaint alleging wrongful termination, retaliation, breach of contract, and

[1] ECF No. 47. This case is referred to the undersigned from Chief Judge Jill Parrish pursuant to 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters.

[2] Complaint at 4, ECF No. 1.

breach of the implied covenant of good faith and fair dealing. The parties then engaged in written discovery and depositions. The original fact discovery deadline expired on November 30, 2025.[3] The parties entered a stipulation amending the scheduling moving the fact discovery deadline to June 1, 2026.[4]

Morris requests an extension of the fact discovery deadline to depose Jennie Knight, Michelle Tait, and Max Jackson, and any reasonable follow-up discovery related to those depositions. Plaintiff avers that his counsel's trial schedule, protracted settlement discussions, and multiple other deposition obligations prevented completion of those depositions before the deadline.

Defendants oppose Plaintiff's request asserting Plaintiff's own lack of diligence created the current situation. Plaintiff failed to timely schedule the depositions and now that the time has passed, Plaintiff must show both excusable neglect under Federal Rule of Civil Procedure 6 and good cause under Federal Rule of Civil Procedure 16.

## DISCUSSION

### I. Standard

Morris' motion is governed by two sections in the Federal Rules. First, in part, by Fed. R. Civ. P. 16(b)(4), which provides a scheduling order "may be modified only for good cause and with the judge's consent."[5] Second, because Morris' request was made after the discovery deadline expired, the request is also governed by Fed. R. Civ. P. 6(b)(1)(B), which provides that

---

[3] Scheduling Order ECF No. 12.

[4] Amended Scheduling Order, ECF No. 40.

[5] Fed. R. Civ. P. 16(b)(4).

the court may "for good cause, extend after it has expired "if the party failed to act because of excusable neglect."[6] Therefore, Plaintiff must show both good cause and excusable neglect.

The Tenth Circuit has noted that good cause and excusable neglect are not identical but are interrelated.[7] The Tenth Circuit has stated:

> Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much as* would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required.[8]

"[G]ood cause' requires a greater showing than 'excusable neglect."[9] "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant."[10] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[11]

In considering whether excusable neglect is shown, a court considers all relevant circumstances surrounding a party's omission. These include four pertinent factors, which are: (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith.[12] The Tenth

---

[6] Fed. R. Civ. P. 6(b)(1)(B).

[7] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996); *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987).

[8] *In re Kirkland*, 86 F.3d at 175 (emphasis in original) (citation modified), *see also Putnam*, 833 F.2d at 905.

[9] *In re Kirkland*, 86 F.3d at 175.

[10] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (citation modified).

[11] *Id.* at 701 (citation modified).

[12] *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023) (unpublished) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Shifers v. Arapahoe Motors, Inc.*, No. 17-CV-01753-CMA-KLM, 2018 WL 6620866, at *3 (D. Colo. Dec. 18, 2018) (providing that although the Pioneer Court's "discussion of excusable neglect ... concerned Bankruptcy

Circuit has held that the third factor, fault in the delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[13]

## II. Analysis

Turning to the current dispute, Morris requests an extension of fact discovery by 90 days so the parties may complete the depositions of Jennie Knight, Michelle Tait, and Max Jackson. Morris does not substantially address excusable neglect, rather Morris goes right to the higher standard arguing good cause exists here, under Rule 16(b)(4), based on the "parties' prior course of dealing, and [it is] necessary to complete material depositions that could not reasonably be finished within the existing deadline."[14] Plaintiff asserts he has been diligent. The outstanding depositions were identified before the deadline, dates were discussed by the parties, and Defendants' counsel "repeatedly acknowledged that a limited extension would be appropriate."[15] In addition, the need for an extension is not based on gamesmanship. Rather, "it arises from a confluence of circumstances: counsel was in trial, counsel was dealing with substantial overlapping litigation demands, the parties were engaged in settlement discussions, and the parties were attempting to coordinate deposition scheduling."[16] Finally, the requested extension does not prejudice Defendants and promotes resolution of the case on the merits.

Perhaps Plaintiff's line of reasoning infers that since the Rule 16(b)(4) standard is met, then the Rule 6(b) excusable neglect is met too. However, a review of the facts in this case

---

Rule 9006(b)(1), ... its analysis rested on the plain meaning of the terms.... Accordingly, the Court of Appeals for the Tenth Circuit has extended the Pioneer standard of excusable neglect to motions arising under ...Federal Rule of Civil Procedure 6(b)" (citing multiple Tenth Circuit cases) (citation modified).

[13] *City of Chanute, Kan. v. Williams Nat. Gas Co*., 31 F.3d 1041, 1046 (10th Cir. 1994) (citing *United States v. Andrews*, 790 F.2d 803, 806 (10th Cir.1986) (finding excusable neglect where filing delay occurred because defendant was seriously ill, heavily medicated, and not represented by counsel)).

[14] Motion at 3.

[15] *Id.*

[16] *Id.*

undermines Plaintiff's arguments, leading the court to find that neither excusable neglect nor good cause is met.

To begin, the court acknowledges that three of the four factors considered under the excusable neglect standard lean towards a finding of excusable neglect. First, the prejudice to Defendants is minimal. Even "Defendants acknowledge that re-opening discovery for a limited number of depositions would not severely or irreparably prejudice their ability to litigate this case on the merits."[17] As to the second factor, the length of the delay is relatively minimal and would not have a significant impact on this case. Considering the fourth factor, there is no evidence that Morris acted in bad faith.

All the same, consideration of the third factor leads to the conclusion that Morris fails to establish excusable neglect. The record indicates that Morris disregarded Defendants' inquiries regarding scheduling depositions well before the deadline. And fact discovery was already extended six months. The explanation that a "confluence of circumstances" warrants an extension is insufficient and unpersuasive. The "press of other business" has been rejected as constituting excusable neglect.[18] According to Defendants, settlement discussions did not occur until after the deadline passed. Thus, that post-hoc rationalization for the delay fails. And finally, coordinating depositions does not create a reason to justify delay. As noted by another court in this Circuit, "[e]xcusable neglect requires a showing of unique or extraordinary

---

[17] Opposition at 14, ECF No. 17.

[18] *In re Lang*, 305 B.R. 905, 910, 2004 WL 509798 (B.A.P. 10th Cir. 2004), aff'd, 414 F.3d 1191, 2005 WL 1595691 (10th Cir. 2005) ("the Court in conducting its own research has been unable to locate, a single case that stands for the proposition she asks us to adopt: namely, that the failure to comply with the deadline for the filing of a notice of appeal due to the press of other business constitutes excusable neglect. Virtually all of the published decisions on the issue, both pre-and post-Pioneer, reach the opposite conclusion.").

circumstances."[19] There is nothing in the record that persuades the court that excusable neglect should apply here. The Tenth Circuit has held that the third factor, fault in the delay, is "perhaps the most important single factor—in determining whether neglect is excusable."[20] And here fault lies with Plaintiff.

Having determined Morris fails to satisfy the lesser excusable neglect standard, the court turns to whether Morris meets the good cause standard. To demonstrate good cause, Morris must "show the deadline [could not] be met despite [its] diligent efforts."[21] Morris cannot meet this standard. Talking about scheduling depositions, and even intending to do so, but then failing to move forward is not diligence. Thus, Morris fails to establish good cause under Rule 16.

**ORDER**

Based upon the foregoing, Morris fails to establish excusable neglect and good cause in support of the Motion to Extend Fact Discovery. The Motion therefore is DENIED.

IT IS SO ORDERED.

DATED this 19 August 2026.

Dustin B. Pead
United States Magistrate Judge

---

[19] *Pierce v. Engle*, 129 F.R.D. 187, 187 (D. Kan. 1990) (citing to a case where the Tenth Circuit did not find excusable neglect even when counsel did not receive notice of the order to be appealed from until after the appeal time had run).

[20] *City of Chanute,* 31 F.3d at 1046.

[21] *Herbert*, 678 F. App'x 697, 701 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).